INSURANCE COMMISSIONER — ORDER OR NOTICE PROCEDURES 1. The Oklahoma Insurance Commissioner under the existing Oklahoma Statutes is authorized to issue orders and notices covering misrepresentations made by agents, actions taken by him on the approval or disapproval of policy forms, and actions withdrawing approval of policy forms previously submitted and approved. 2. The Insurance Commissioner did not follow the prescribed procedures required by law in the preparation and issuance of the subject bulletin, and the same is ineffective to accomplish the apparent intent or purpose in properly dealing with misrepresentations made by agents, issuing notice of actions to be taken by the Commissioner on policy forms submitted in the future and to withdraw approval of policy forms previously submitted and approved. 3. The Insurance Commissioner is required to follow the procedures of 36 O.S. 1412 [36-1412] (1961) in dealing with misrepresentations made by life, accident and health agents. He is required to follow the procedures prescribed by 36 O.S. 3610 [36-3610] (1970) in approving or disapproving policy forms submitted to his office for that purpose. It is further required to follow the statutory procedures contained in 36 O.S. 3610 [36-3610] (1970) and 36 O.S. 3611 [36-3611] (1961) when withdrawing approval of a policy form which has been previously approved. The Attorney General has considered your request for an opinion contained in your letter dated May 3, 1971. In your letter, you set out the following fact situation. "Attached to this request is a copy of a bulletin issued by the Oklahoma Insurance Commissioner on April 15, 1971, to all life insurance companies transacting business in Oklahoma. A copy of the same bulletin is attached to this Opinion as an exhibit "The bulletin purportedly disapproves any life insurance policy which expressly provides that a stipulated percent of the profits earned by the insurance company is to be paid as dividends to policy holders. The bulletin purportedly disapproves any such policy which has heretofore been approved for use by the Insurance Commissioner in the State of Oklahoma. "The subject bulletin was not issued after hearing and it is not directed to any specific insurance company doing business in Oklahoma. No specific policy form is referred to in the subject bulletin." In regard to these stated facts, you ask the following questions: "1. Was the issuance of the subject bulletin an authorized action by the Oklahoma Insurance Commissioner under the existing Oklahoma Statutes? "2. If the issuance of the subject bulletin by the Insurance Commissioner is authorized by the Oklahoma Statutes, did the Insurance Commissioner follow the procedures required by law in the preparation and issuance of the subject bulletin? "3. If your answer to either of the foregoing questions is in the negative, what changes would be required in the Oklahoma Insurance Code in order to authorize the Insurance Commissioner to issue the subject bulletin or what procedures would the Insurance Commissioner be required to follow in issuing such bulletin in order to make the same an effective administrative regulation?" The answer to your first question must necessarily turn on the substantive content of the bulletin itself. Although labeled "bulletin", the substantive content requires that it be considered an "order" or "notice" regardless of the caption placed on it. Insofar as the bulletin purports to put all life insurance companies on notice that the Commissioner will not consider for approval in the future any policy which contains a figure designated as a percent of the profits earned by the company to be paid as a dividend to the policyholders, the bulletin must be considered a "notice". Insofar as the bulletin purports to withdraw any such approval previously granted, it must be considered an "order". Title 36 O.S. 307 [36-307] (1970) charges the Insurance Commissioner generally with the duty of the administration and enforcement of the provisions of the Oklahoma Insurance Code, and there are numerous provisions within the Code granting him statutory authority to issue orders and notices. Because the bulletin must be considered as being both an order and notice, your first question is answered in the affirmative. The issuance of the subject bulletin was an authorized action by the Oklahoma Insurance Commissioner under the existing Oklahoma Statutes. Your second question involves whether the Insurance Commissioner followed the procedures required by law in the preparation and issuance of the subject bulletin. Title 36 O.S. 313 [36-313] (1961) provides as follows: "A. Orders and notices of the Insurance Commissioner shall not be effective unless in writing signed by him or by his authority. "B. Every such order shall state its effective date and shall concisely state: 1. Its intent or purpose. 2. The grounds on which based. 3. The provisions of this code pursuant to which action is so taken or proposed to be taken; but failure to so designate any provisions shall not deprive the Commissioner of the right to rely thereon. "C. An order or notice may be given by delivery to the person to be ordered or notified or by mailing it, postage prepaid, addressed to him at his principal place of business as last of record in the Commissioner's office." The intent or purpose of the bulletin appears clear enough. The Insurance Commissioner is notifying all life insurance companies transacting business in Oklahoma that certain policy provisions will not be considered for approval in the future and that any such approval given previously is withdrawn. The grounds upon which the order and notice is based is stated to be ". . .upon the number of complaints to this department, charging misrepresentation by agents, as to the amount of dividends prospective insureds would receive, . . ." To determine whether the Insurance Commissioner followed the procedures required by law in preparing and issuing the subject bulletin, we must examine the statutory language dealing with (1) actions by the Insurance Commissioner against agents for misrepresentation, (2) the statutory language governing the approval or disapproval of life insurance policy forms when they are initially submitted, and (3) the statutory language governing the withdrawal of an approval previously granted. Title 36 O.S. 1412 [36-1412] (1961) deals with agents who write life, accident and health insurance. It provides in part as follows: "A. A license may be refused, or a license duly issued may be suspended or revoked or the renewal thereof refused by the board if, after notice and hearing as hereinafter provided, it finds that the applicant for, or the holder of such license: . . . . has materially represented the terms and conditions of insurance policies or contracts or the financial condition or method of operation of any insurer; . . ." "B. Before any license shall be refused (except for failure to pass the required written exam), or suspended or revoked, or the renewal thereof refused hereunder, the board shall give notice of its intention so to do, by registered mail, to the applicant for, for holder of such license, and the insurer whom he represents or who desires that he be licensed, and shall set a date not less than twenty days from the date of making such notice when the applicant or licensee and a duly authorized representative of the insurer may appear to be heard and produce evidence . . . upon termination of such hearing, findings shall be reduced to writing and upon approval of the board, shall be filed in its office and notice of the finding sent by registered mail to the applicant or licensee and the insurer concerned." Title 36 O.S. 1412 [36-1412] (1961) was amended by Laws 1965, c. 60, 15 by deleting the words "board" or "Insurance Board" and substituting the word "Commissioner" therefor. Thus, it would appear that if the grounds on which the order was based, as contemplated by 36 O.S. 313 [36-313] (1961), are the complaints made to the Insurance Commissioner's office charging misrepresentation by agents, the Commissioner would be bound to follow the statutory procedures set out in 36 O.S. 1412 [36-1412] (1961). In that regard, the bulletin does not conform to the statutory requirements. As to whether the Insurance Commissioner followed the procedures required by law in issuing a notice that certain provisions of a policy form will not be considered for approval in the future, we must look to the provisions of 36 O.S. 3610 [36-3610] (1970). It provides in part as follows: "A. . . . No life or accident and health insurance policy form, no life or accident health insurance application form where written application is required and is to be made a part of the policy, and no printed rider or endorsement form, shall be delivered or issued for delivery in this State by a life or accident and health insurer unless it has been filed with and approved by the Insurance Commissioner. . . "B. Every such filing shall be made not less than sixty days in advance of any such delivery. At the expiration of such sixty (60) days the form so filed shall be deemed approved unless prior thereto it has been affirmatively approved or disapproved by order of the Insurance Commissioner or the Insurance Board, as the case may be. C. . The Insurance Commissioner or the Insurance Board, as the case may be, may extend by not more than an additional thirty days the period within which he may so affirmatively approve or disapprove any such form, by giving notice of such extension before expiration of the initial sixty day period. At the expiration of any such period as so extended, and in the absence of such prior affirmative approval or disapproval, any such form shall be deemed approved. A search of the Insurance Code does not reveal any statutory authority for prospectively disapproving certain policy provisions. Conversely, there is express statutory procedures established for the handling of policy provision forms after they have been submitted to the Board or the Commissioner for approval or disapproval." In the case of Brown v. State Election Board, 369 P.2d 140 (Okl. 1962), the Court stated in the body of its opinion: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." Insofar as the bulletin constitutes a notice of the manner in which the Commissioner will process policy forms submitted to him in the future, the notice is ineffective because it does not follow the statutory procedures as prescribed by 36 O.S. 3610 [36-3610] (1970). To determine whether the Insurance Commissioner followed the procedures required by law in issuing the bulletin, insofar as the same amounts to an order withdrawing approval previously granted, we must once again look to the provisions of the Insurance Code. Title 36 O.S. 3610 [36-3610] (1970) provides in part as follows: "B. . . . The Insurance Commissioner or the Insurance Board, as the case may be, may at any time, after notice and for cause shown, withdraw any such approval. "C. Any order of the Insurance Commissioner or the Insurance Board, as the case may be, disapproving any such form or withdrawing a previous approval must state the grounds therefor." Thus, it would appear that the Commissioner must give notice, show cause, and state the grounds prior to withdrawing any approval previously granted. Title 36 O.S. 3611 [36-3611] (1961) sets out the statutory grounds for disapproval of forms. It provides as follows: "A. The Insurance Commissioner or the Insurance Board, as the case may be, shall disapprove any form of policy, application, rider or endorsement or withdraw any previous approval thereof only: 1. If it is in any respect in violation of or does not comply with this code. 2. If it contains or incorporates by reference any inconsistent, ambiguous, or misleading clauses, or exceptions and conditions which deceptively affect the risks purported to be assumed in the general coverage of the contract. 3. If it has any title, heading, or other indication of its provisions which is misleading." Insofar as the subject bulletin amounts to an order which purports to withdraw approval previously granted, it is insufficient when com pared with the requirements contained in Sections 36 O.S. 3610 [36-3610] and 36 O.S. 3611 [36-3611] of Title 36 in that it does not state any one of the three statutory grounds for the taking of such action. In addition, it does not make any showing of cause or provide for any notice prior to the taking of the action. It is the opinion of the Attorney General that your questions be answered as follows: 1. The Oklahoma Insurance Commissioner under the existing Oklahoma Statutes is authorized to issue orders and notices covering misrepresentations made by agents, actions taken by him on the approval or disapproval of policy forms, and actions withdrawing approval of policy forms previously submitted and approved. 2. The Insurance Commissioner did not follow the prescribed procedures required by law in the preparation and issuance of the subject bulletin, and the same is ineffective to accomplish the apparent intent or purpose in properly dealing with misrepresentations made by agents, issuing notice of actions to be taken by the Commissioner on policy forms submitted in the future and to withdraw approval of policy forms previously submitted and approved. 3. The Attorney General cannot give an opinion as to what changes would be required in the Oklahoma Insurance Code in order to authorize the Insurance Commissioner to issue the subject bulletin because such action would be an invasion of the province of the Legislature. The Insurance Commissioner is required to follow the procedures of 36 O.S. 1412 [36-1412] (1961) in dealing with misrepresentations made by life, accident and health agents. He is required to follow the procedures prescribed by 36 O.S. 3610 [36-3610] (1970) in approving or disapproving policy forms submitted to his office for that purpose. He is further required to follow the statutory procedures contained in 36 O.S. 3610 [36-3610] (1970) and 36 O.S. 3611 [36-3611] (1961) when withdrawing approval of a policy form which has been previously approved. (Odie A. Nance)